### 23213. STEPHENSON *v.* COOPER.

DECIDED OCTOBER 6, 1933.

*Rosser & Shaw,* for plaintiff in error.
*Fariss & Langford,* contra.

BROYLES, C. J.  W. E. Cooper brought suit in a justice's court against J. J. Stephenson on an open account, the same being a bill for sawing lumber.  Verdict and judgment were rendered for the plaintiff, and the defendant carried the case by certiorari to the superior court.  The judge of the superior court overruled the certiorari, and to this ruling the defendant excepted.

The only issue in the case was as to what amount Stephenson was due Cooper for sawing the lumber.  Cooper sued for $6 per thousand feet.  The defendant contended that only $5 per thousand was due to be paid.  The verdict and judgment in favor of the plaintiff was for $5.50 per thousand.  It is undisputed that the plaintiff sawed the lumber and the defendant accepted it.  If, as contended by the plaintiff, there was no contract price, then the customary, fair and reasonable price for services of this nature would be due the plaintiff.

The plaintiff testified: that he sawed the timber and charged $6 per thousand feet; that J. J. Stephenson, the defendant, never promised to pay him any sum for it; that he did not see at any time the defendant J. J. Stephenson; that he charged Stephenson like he charged other people, $6 per thousand; that Stephenson's sawing bill, being a house and barn pattern, was more trouble than general sawing.

The defendant contends in this court that one "John Howard, agent for W. E. Cooper, made an express contract" to do this sawing for $5 per thousand; yet on the trial of the case the defendant introduced evidence to show the customary price for sawing.  The defendant's witness testified that his customary price was $5 per thousand, but that some mills charged more.  However, no witness testified that Howard was the agent of the plaintiff, and under the evidence the jury were authorized to find that he was not such agent.  The defendant's own testimony shows that he had not agreed on any contract price with the plaintiff, as he admitted "that he never at any time saw Cooper," the plaintiff, and testified that "had he known it would cost $6 per thousand he would not have permitted it."  The questions involved were purely issues of fact. Under the evidence the jury was authorized to find that no contract price was agreed upon, and that $5.50 was a reasonable price for the service rendered; and, therefore, the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed.  MacIntyre and Guerry, JJ., concur.*